IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**GERRY A. BURDEN,**

                  **Petitioner,**

      v.                                  CASE NO. 07-3287-SAC

**DAVID R. MCKUNE,**

                  **Respondent.**

### O R D E R

This matter is before the court on a petition for writ of habeas corpus under 28 U.S.C. § 2254. Petitioner proceeds pro se, and has paid the $5.00 district court filing fee.[1]

Petitioner titled his petition as a "Petition for Out of Time Writ of Habeas Corpus." This is in apparent recognition of the fact that petitioner did not file this action within the one year limitation period imposed by 28 U.S.C. § 2244(d)(1) on prisoners in custody pursuant to state court judgments who seek habeas corpus relief in federal court.

Petitioner seeks federal habeas corpus relief on allegations that he was denied effective assistance of counsel in his Sedgwick County conviction in May 2000. That conviction became final on September 6, 2003, upon expiration of the time for seeking a writ of certiorari in the United States Supreme Court in petitioner's direct appeal. Petitioner tolled the federal one year limitation period

---

[1] Petitioner's later filed motion for leave to proceed in forma pauperis is denied as moot.

in June 2004 when he filed a motion for post-conviction relief in the state courts. *See* 28 U.S.C. § 2244(d)(2)(running of limitations period is tolled while properly filed state post-conviction proceeding and appeal therefrom is pending). The denial of relief in that state collateral proceeding became final in December 2006 when the Kansas Supreme Court denied further review. At that time, petitioner had approximately two and a half months remaining in the § 2244(d)(1) limitation period, but waited until November 27, 2007, to file the instant petition.

Accordingly, the court finds the petition is subject to being dismissed as time barred unless petitioner demonstrates he is entitled to equitable tolling of the federal limitation period.

Equitable tolling excuses a late habeas petition only when a prisoner (1) "has been pursuing his rights diligently, and (2) ... some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). *See also* Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000)(equitable tolling "is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control").

Here, petitioner argues his untimely filing should be excused because the Kansas Department of Corrections (KDOC) prevented petitioner from accessing his mandatory savings to retain an attorney for the purpose of filing a timely § 2254 petition. Information provided in petitioner's subsequent motion for appointment of counsel details that petitioner retained private counsel to represent petitioner in a motion for post-conviction relief under K.S.A. 60-1507, and appeal. That same counsel

2

indicated a payment of $5,000 was required to represent petitioner in a federal habeas action.  In response, petitioner repeated information previously relayed to counsel that a court order would be required to release funds from petitioner's KDOC mandatory savings for the purpose of paying the attorney's retainer. Petitioner continued his efforts to contact and seek assistance from said counsel, only to learn in July 2007 that the attorney left the firm on July 3, 2007.  Thereafter, petitioner sought assistance from other attorneys without success.  He filed the instant petition pro se, with the assistance of a prison law clerk, on November 27, 2007.

However, notwithstanding petitioner's continuing efforts to secure counsel, petitioner has not demonstrated rare and extraordinary circumstances beyond his control that prevented him from filing a timely habeas petition in federal court.  Nor has petitioner acted with due diligence in filing the instant petition after learning his post-conviction attorney would not be filing a federal habeas application on petitioner's behalf.  Moreover, petitioner's filing of the instant pro se petition clearly demonstrates that KDOC policy restrictions on the use of a prisoner's mandatory savings did not prevent petitioner from seeking federal habeas corpus relief in a more timely manner.

Accordingly, absent a greater showing of diligence and extraordinary circumstances beyond petitioner's control that prevented him from seeking a writ of habeas corpus under 28 U.S.C. § 2254 within the time provided under 28 U.S.C. § 2244(d)(1) and (2), the court finds the petition is subject to being dismissed as time barred.

Petitioner's motion for appointment of counsel[2] is denied without prejudice to petitioner refiling his motion if this matter is not dismissed as untimely filed.

IT IS THEREFORE ORDERED that petitioner's motion for leave to proceed in forma pauperis (Doc. 3) is denied as moot.

IT IS FURTHER ORDERED that petitioner's motion for appointment of counsel (Doc. 2) is denied without prejudice.

IT IS FURTHER ORDERED that petitioner is granted twenty (20) days to show cause why the petition should not be dismissed as time barred.

**IT IS SO ORDERED.**

DATED:  This 17th day of June 2008 at Topeka, Kansas.

 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge

---

[2]In the alternative, petitioner asked the court to "find an attorney who will accept $2,000.00 to represent Petitioner," or to order the warden to release petitioner's mandatory savings for petitioner's use in securing an attorney.