```
          IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF KANSAS
```

**GERRY A. BURDEN,**

                             **Petitioner,**

             **v.**                             CASE NO. 07-3287-SAC

**DAVID R. MCKUNE,**

                             **Respondent.**

## O R D E R

Petitioner proceeds pro se on a petition for a writ of habeas corpus under 28 U.S.C. § 2254. The court examined the record and found the petition was not filed within the one year limitation period provided under 28 U.S.C. § 2244(d)(1) and (2).[1] The court further found the petition was subject to being dismissed because petitioner had not demonstrated the diligence and extraordinary circumstances necessary for equitable tolling of that limitation period. Having reviewed petitioner's response, the court finds the petition should be dismissed as time barred.

---

[1] 28 U.S.C. § 2244 reads in relevant part:
"(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; ...
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect tot he pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

Petitioner acknowledges that he did not file his petition within the § 2244(d)(1) limitation period, but argues the petition should be considered because he is entitled to equitable tolling under the circumstances. The court disagrees.

Petitioner seeks federal habeas corpus relief on allegations involving his conviction in Sedgwick County District Court in May 2000. Pursuant to 28 U.S.C. § 2244(d)(1)(A), the one year limitation period commenced in September 2003, and was tolled in June 2004 by petitioner's filing of a motion for post-conviction relief in the state courts. The denial of relief in that state collateral proceeding became final in December 2006, leaving petitioner approximately two and a half months remaining in the § 2244(d)(1) limitation period. Petitioner did not file the instant petition until November 2007.

Petitioner argues his untimely filing should be excused because the Kansas Department of Corrections (KDOC) prevented him from accessing his mandatory savings to retain an attorney for the purpose of filing a timely § 2254 petition.[2] Petitioner filed the instant petition pro se on November 27, 2007, with the assistance of a prison law clerk.

Equitable tolling excuses a late habeas petition only when a prisoner (1) "has been pursuing his rights diligently, and (2) ... some extraordinary circumstance stood in his way." Pace v.

---

[2] Private retained counsel represented petitioner in the state post-conviction proceeding, and indicated additional payment would be required to file a habeas petition on petitioner's behalf in federal court.

DiGuglielmo, 544 U.S. 408, 418 (2005).  In the present case, the court finds neither requirement has been satisfied.

No due diligence is demonstrated by petitioner's prolonged unsuccessful attempts to retain an attorney and to convince KDOC to release funds from his mandatory savings account, and by his filing of the instant action more than eight months after the limitation period had expired.  Nor has petitioner demonstrated that his failure to file a timely petition was caused by extraordinary circumstances beyond his control.

The inability to hire an attorney does not excuse petitioner's untimely filing of his habeas petition because petitioner has no right to counsel, retained or otherwise, to pursue federal habeas corpus.[3]  See Coleman v. Thompson, 501 U.S. 722 (1991); Pennsylvania v. Finley, 481 U.S. 551 (1987).  See also Foldenaur v. Franklin, 2008 WL 142788 at *2 (10th Cir. January 15, 2008) (unpublished)(petitioner's inability to raise funds to retain counsel is not a "rare and exceptional" circumstance).[4]

Petitioner also argues he is entitled to equitable tolling because he is "actually innocent."

The Tenth Circuit has recognized that actual innocence may

---

[3]Likewise, KDOC's refusal to release funds from plaintiff's mandatory savings did not constitute a state impediment to petitioner's filing of his federal petition as provided by 28 U.S.C. § 2244(d)(1)(B) which runs the one year limitation period from "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed."

[4]This and any other unpublished Tenth Circuit decision is cited for persuasive value only under 10th Cir. Rule 32.1.

3

provide equitable grounds for not applying the limitation period in § 2244(d)(1). Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998).[5] To support his claim of actual innocence, petitioner argues the victim recanted her initial accusations against petitioner. It is clear, however, that the victim did so during her trial testimony. As noted by the Kansas Supreme Court, "[t]he jury obviously believed the testimony as to statements and observations made within the first 3 days of the incident underlying the charges herein." State v. Burden, 275 Kan. 934, 936 (2003). Because actual innocence claims require a showing of new and reliable evidence not presented at trial, House v. Bell, 547 U.S. 518 (2006), petitioner has identified no such evidence. *See* Cummings v. Sirmons, 506 F.3d 1211, 1224 (10th Cir. 2007)("[I]t is insufficient for a petitioner to simply attack the evidence actually presented at his trial... Rather, ...a petitioner must come forward with new evidence, the admission of which would have made it more likely than not that he would have been acquitted.").

Petitioner bears the burden of demonstrating circumstances justifying equitable tolling of the § 2244(d)(1) limitation period. Miller, 141 F.3d at 977. The court finds petitioner has not sustained this burden, and concludes the petition should be

---

[5]*See also* O'Boyle v. Ortiz, 2007 WL 2083743 (10th Cir. July 23, 2007)(unpublished)(applying actual innocence standard of proof for excusing procedural default, Schlup v. Delo, 513 U.S. 298, 318-21 (1995), to claim of actual innocence asserted as a basis for equitable tolling of § 2244(d)(1) limitation period); Reynolds v. Hines, 2003 WL 170678 (10th Cir. January 27, 2003) (unpublished)(same).

4

dismissed because it is untimely filed.

IT IS THEREFORE ORDERED that the petition is dismissed as time barred.

**IT IS SO ORDERED.**

DATED:  This 20th day of August 2008 at Topeka, Kansas.


  s/ Sam A. Crow
 SAM A. CROW
 U.S. Senior District Judge